# EXHIBIT 1

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| THE PUBLIC SCHOOL RETIREMENT SYSTEM OF MISSOURI and THE PUBLIC EDUCATION EMPLOYEE RETIREMENT SYSTEM OF MISSOURI,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>    Defendant-Appellant. | Case No. 10-1244 |

## APPELLANT'S MOTION TO VACATE THE JUDGMENT BELOW ON GROUNDS OF MOOTNESS OR, IN THE ALTERNATIVE, <u>TO STAY THE APPEAL</u>

Pursuant to Fed. R. App. P. 27 and 42(b), Appellant State Street Bank and Trust Company ("State Street") respectfully moves the Court to vacate the Remand Order of the District Court below or, in the alternative, to stay the appeal. State Street's appeal from the order remanding the original Petition has become moot as a result of the filing of an Amended Petition by The Public School Retirement System of Missouri and The Public Education Employee Retirement System of Missouri (together, "PSRS" or "Appellees"), which State Street has removed to federal court. While vacatur of the Remand Order is appropriate in view of the mooted appeal, in the alternative this appeal should be stayed for 90 days, including an extension of all due dates for briefs. A stay would provide the District Court the opportunity to

recognize diversity jurisdiction over the Amended Petition and permit the case to proceed in federal court, removing any doubt as to the mootness of the appeal.

This motion is necessary because, after the District Court issued its Remand Order based on the initial Petition, PSRS filed an Amended Petition, which contains many new allegations and claims. State Street believes that the Amended Petition is removable to federal court and that it was required to remove the Amended Petition within 30 days of its filing or effectively forfeit the right to do so. PSRS may file a motion to remand the Amended Petition, but has not yet done so as of this date.

The Court need not expend its resources to decide the current appeal at this time. Having elected to file its Amended Petition, PSRS has superseded the original Petition. Any opinion this Court might render on whether the original Petition is removable would be purely advisory. Because this mootness results entirely from PSRS's actions, and not the actions of State Street, the appropriate course is for this Court to vacate the decision below. Alternatively, since State Street anticipates that PSRS will shortly move to remand the Amended Petition, this Court exercise its discretion to stay State Street's appeal at this time to allow the District Court to adjudicate any new motion by PSRS to remand the case to state court. The parties could then evaluate that ruling to determine whether it presents an issue appropriate for resolution by this Court. Because the District Court may not remand the Amended Petition, or may do so on different grounds, a stay would avoid needless expenditure of the resources of this Court and of the parties.

## STATEMENT OF FACTS

1. On September 18, 2009, PSRS commenced a civil action against State Street in the Circuit Court of Cole County, Missouri ("Action"). In this Action, Appellees contest State Street's efforts to ensure that PSRS would not take and keep more than its fair share of liquid assets in an investment pool called Quality D Short-Term Investment Fund ("Quality D" or the "Fund") following the economic crisis in the fall of 2008.

2. Appellees' petition, as originally filed, asserted only three claims: breach of contract, breach of fiduciary duty, and declaratory judgment; it also sought injunctive relief. *See* Dist. Ct. Doc. No. 1-1 (Verified Petition).

3. On October 16, 2009, State Street removed the case to the U.S. District Court for the Western District of Missouri ("District Court") on grounds of diversity of citizenship. *See* Dist. Ct. Doc. No. 1 (Notice of Removal).

4. On January 21, 2010, the District Court granted PSRS's motion to remand the Action to state court based upon a forum selection clause contained in one of the agreements between the parties, the Master Custodian Agreement ("Custodian Agreement"). *See* Dist. Ct. Doc. Nos. 25 (Remand Order); 26 (Clerk's Judgment). The District Court ruled that the forum selection clause in the Custodian Agreement, which allowed PSRS to elect a state forum for breaches of this agreement, constituted a waiver by State Street of the right to remove all three claims asserted by PSRS in its original Petition. *See* Doc. No. 25 (Remand Order).

5. On February 1, 2010, State Street appealed the Remand Order to this Court. *See* Dist. Ct. Doc. No. 27 (Notice of Appeal). The issue on appeal is whether the District Court erred in interpreting the forum selection clause in the Custodian Agreement to cover the three causes of action asserted in the original Petition when PSRS has challenged State Street's authority as trustee of Quality D under another document, the Declaration of Trust, to adjust the value of PSRS's remaining interest in the Fund and when the Declaration of Trust does not contain a forum selection clause limiting State Street's right to litigate in federal court. *See* Statement of Issue. State Street's initial brief is due to be served and filed on April 15, 2010. Order, 3639022-2.

6. On March 12, 2010, PSRS filed its Amended Petition in state court. The Amended Petition is Exhibit 1 to the Notice of Removal of Amended Petition, which is attached to this Motion as Exhibit A. The Amended Petition varies substantially from the original Petition and asserts new allegations that State Street mismanaged the Fund and defrauded PSRS. Am. Pet. ¶¶ 94-97, 110-15, 147-156. In addition, the Amended Petition asserts eight new counts: breach of the duty of good faith and fair dealing, violation of the Missouri Merchandising Practices Act, R.S. Mo. § 407.010 et seq., unjust enrichment, negligence, contractual indemnity, accounting, promissory estoppel, and violation of the Missouri Uniform Securities Act, R.S. Mo. §§ 409.5-501 to -502. Am. Pet. ¶¶ 85-137, 147-158.

7. On April 1, 2010, State Street filed its second Notice of Removal with the District Court. State Street's Notice of Removal is attached to this Motion as Exhibit A. In its Notice, State Street advances three grounds for removal of the Amended Petition. First, State Street reasserts its previous argument that the forum selection clause in the Custodian Agreement does not apply to any contract-based claims. Notice of Removal ¶ 24. That is the same issue that is on appeal to the Court. The contracts-based claims in the Amended Petition include expanded versions of the three original claims in the initial Petition, *see* Am. Pet. ¶¶ 49-73 (Count I – Breach of Fiduciary Duty); *id.* ¶¶ 74-84 (Count II – Breach of Contract); *id.* ¶¶ 138-46 (Count X – Declaratory Judgment), as well as newly asserted contract-related claims that may well be subject to remand under the District Court's (erroneous) interpretation of the forum selection clause in the Custodian Agreement: breach of the duty of good faith and fair dealing, *id.* ¶¶ 85-91 (Count III), negligence, *id.* ¶¶ 108-15 (Count VI), contractual indemnity, *id.* ¶¶ 116-23 (Count VII), accounting, *id.* ¶¶ 124-29 (Count VIII), and promissory estoppel, *id.* ¶¶ 130-37 (Count IX). *See* Notice of Removal ¶ 25.

8. Second, the Notice of Removal demonstrates that the new allegations in the Amended Petition assert, for the first time, breaches of particular terms of the Securities Lending Authorization Agreement ("Lending Agreement," attached as Exhibit B to the Amended Petition)—a contract that contains a forum selection clause *requiring* use of a federal forum. Notice of Removal ¶¶ 26-31; Lending Agreement §

17 ("[A]ny action regarding the terms or performance or breach of [the] Agreement shall be brought in any United States District Court located in the State of Missouri."). The Amended Petition makes clear that the Custodian Agreement's forum selection clause, even as previously construed by the District Court, does not apply to certain of the contract-based claims asserted by PSRS, which instead arise under the Lending Agreement. Am. Pet. ¶¶ 77, 81, 87-88, 101-07, 110-13, 119-20, 128-29. This basis for removal was not available to State Street when it removed the initial Petition.

9.  Third, the Notice of Removal demonstrates that two of the counts newly asserted by PSRS are fraud-based claims that fall entirely outside the scope of the forum selection clauses in both contracts, and thus are subject to no forum selection clause. Notice of Removal ¶¶ 32-33. This basis for removal was likewise not available to State Street when it removed the initial Petition.

## ARGUMENT

**I.     REMOVAL OF THE AMENDED PETITION MOOTS STATE STREET'S APPEAL OF THE ADVERSE REMAND ORDER AND NEGATES THE ABILITY OF THIS COURT TO GIVE ANY RELIEF**

State Street's appeal of the Remand Order has been rendered moot by PSRS's conduct. By electing to file the Amended Petition, PSRS rendered its original Petition a legal nullity. *See, e.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint

without legal effect."); *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) ("[I]t is well established that the amended pleading supersedes the original pleading. Once an amended pleading is interposed, the original pleading no longer performs any function in the case.") (internal citations and quotations omitted).

The controversy at issue in this appeal arises exclusively out of the three claims asserted in the original Petition, and the District Court's determination that those claims fell within the scope of the forum selection clause of the Custodian Agreement. Remand Order 6. That petition is now superseded by the Amended Petition. The federal courts are not empowered under Article III to offer advisory opinions—and any ruling about whether a superseded pleading is removable to federal court would be purely advisory. *See Meredith Corp. v. United States*, 487 F.3d 1190, 1192 (8th Cir. 2007) ("Our jurisdiction is limited under Article III of the United States Constitution to actual, ongoing cases and controversies."); *United States v. Nat'l Bank of Commerce*, 775 F.2d 1050, 1050 (8th Cir. 1985) (where the rights of the parties will not be affected by an appellate court's ruling, "[t]he controversy is no longer a live one, and [the appellate court's] jurisdiction under Article III to decide questions of law has disappeared."). PSRS's decision to file its Amended Petition mooted State Street's appeal of the Remand Order.

PSRS retains its ability to seek remand of its Amended Petition to state court on the basis of the forum selection clause in the Custodian Agreement. But it must do so based upon the claims asserted in the *Amended Petition*, not the superseded

claims asserted in the original Petition. The Amended Petition varies considerably from the original Petition, and its claims extend far beyond the scope of the Custodian Agreement, as construed by the District Court. *See* Notice of Removal ¶¶ 4, 26, 31-39 and Exhibit 2 thereto (redline comparison of Verified Petition and Amended Petition).

Following the removal of the Amended Petition, State Street has all the relief that it seeks in its appeal, namely, return of this Action to the District Court. Whatever decision this Court might make on the merits of State Street's appeal of the Remand Order, it cannot provide State Street relief beyond what it already has obtained by operation of the removal statute. Where no available remedy exists, the appeal is moot. "If circumstances change over the course of litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief, the case is moot and we have no power to decide it." *Meredith Corp.*, 487 F.3d at 1192; *see also United States v. Stute Co.*, 402 F.3d 820, 825 (8th Cir. 2005) ("When events occur that leave the appellate court with no remedial power, the appeal is moot.").

Even though State Street anticipates that Appellees will move to remand the Amended Petition, the outcome of such a motion, or whether the district court in ruling on such a motion would adopt the reasoning of the initial Remand Order, is unknown at this time. Indeed, since the Amended Petition provides two new bases for removal of the entire Action, *see* Notice of Removal ¶¶ 26-39, it is highly

improbable that any such remand order could employ similar reasoning. Any appeal by State Street of a remand of the Amended Petition would be based upon that remand order, not the Remand Order issued on January 21, 2010.

## II.  VACATUR OR A STAY ARE APPROPRIATE REMEDIES

"'The established practice of the [federal appeals courts] in dealing with a civil case from a court in the federal system which has become moot . . . pending [a] decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.'' *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)); *see also Bowen v. Cheuvront*, 521 F.3d 860, 861 (8th Cir. 2008) (per curiam); *In re Search Warrants*, 487 F.3d at 1192 ("Under the established practice, we vacate the district court's order and judgment and remand to the district court with instructions to dismiss the case."); *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 486 (8th Cir. 1998) ("In sum, we hold this case is moot . . . . We vacate the district court's judgment and remand the case to the district court with instructions that it dismiss the case.") (citing *Munsingwear*).

Vacatur is required where mootness results "from the unilateral action of the party who prevailed in the lower court." *Bonner Mall*, 513 U.S. at 23; *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) ("If a case becomes moot at any stage of an appeal, we must vacate the district court's order and judgment, and remand the case with instructions to dismiss."). By contrast, where

"the party seeking relief from the judgment below caused the mootness by voluntary action," automatic vacatur is inappropriate. *Bonner Mall*, 513 U.S. at 24; *see also id.* at 29 (holding that vacatur is not always appropriate if the case is moot only because the parties settled while appeal was pending); *Karcher v. May*, 484 U.S. 72, 83 (1987) (denying vacatur when a case is moot only because the losing party failed to pursue appeal). Thus, an appellate "court should . . . vacate the district court's decision when the right of a party to appellate review is curtailed for reasons of mootness not attributable to that party." *Mfrs. Hanover Trust Co. v. Yanakas*, 11 F.3d 381, 383 (2d Cir. 1993). "The vacatur in these circumstances prevents the party that lost in the district court from suffering the estoppel effects of that court's judgment when, through no fault of its own, the losing party has lost its right to have the judgment reviewed." *Id.*

Here, PSRS's "unilateral act" of filing of the Amended Petition—a pleading that asserted a myriad of new allegations and claims against State Street not previously articulated in the original pleading—has rendered State Street's appeal moot. *See In re Wireless Tel.*, 396 F.3d at 928. The act of filing the Amended Petition was PSRS's alone; it was not an act over which State Street had any control. The Amended Petition superseded the claims that PSRS asserted in its original Petition, and so rendered purely advisory any opinion this Court may now enter regarding whether those superseded claims fell within the forum selection clause of the Custodian Agreement.

By contrast, what State Street did only occurred *after* PSRS superseded its original claims by filing the Amended Petition. Its conduct was merely reactive and was limited to a prompt exercise of its statutory right to remove the Amended Petition to federal court. Even though State Street's removal of the Amended Petition provided it with all of the relief that it had sought on appeal, this conduct cannot properly be characterized as "voluntary action" that "caused" its appeal to become moot. *See Russman v. Bd. of Educ.*, 260 F.3d 114, 122 (2d Cir. 2001) (only appellants' conduct "undertaken with an intent to escape the collateral consequences of the decision below may defeat vacatur."); *Nahrebeski v. Cincinnati Milacron Mktg. Co.*, 41 F.3d 1221, 1222 (8th Cir. 1994) (finding voluntary action where appellant elected to settle the case under appeal). "Voluntary action" encompasses actions taken with the intent to avoid the decision below, not actions necessary to prevent the forfeiture of existing rights.

State Street was under no obligation to waive its right to remove the Action to federal court by inaction in order to avoid the mootness resulting from the filing of the Amended Petition by PSRS. 28 U.S.C. § 1446(b); *see also, e.g.*, *Boyke v. Celadon Trucking Servs., Inc.*, No. 4:08CV01857 FRB, 2009 U.S. Dist. LEXIS 41359, at *6 (E.D. Mo. May 15, 2009) (remanding removed case where defendants, "[d]espite being alerted to the potential for federal jurisdiction" created by plaintiff's amended petition, failed to remove within 30 days of amendment).

PSRS's interests do not weigh against vacatur. It was PSRS that elected to file an Amended Petition following State Street's appeal of the Remand Order. Absent vacatur, PSRS would have effectively insulated the Remand Order from this Court's appellate review by the simple expedient of amending its petition. It is against just such actions that the equitable remedy of vacatur is intended to protect. "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstances, ought not in fairness be forced to acquiesce in the judgment. *The same is true when mootness results from unilateral action of the party who prevailed below*." *Bonner Mall*, 513 U.S. at 25 (internal citation omitted) (emphasis added).

PSRS will not be prejudiced by vacatur of the Remand Order. Should it choose to move for remand of the Amended Petition, as State Street expects, PSRS will have the opportunity to argue again to the District Court that State Street waived its right to have the Acton heard in federal court by operation of the Custodian Agreement's forum selection clause. It will also have the opportunity to again press its claim that the federal courts lack subject matter jurisdiction to hear the Action on the ground that PSRS is an arm of the state such that it is not subject to diversity jurisdiction.

Under these circumstances, the Court should remand with instructions that "the judgment of the District Court be vacated without prejudice to such further proceedings in the District Court as may be appropriate." *Crowell v. Mader*, 444 U.S. 505, 506 (1980) (per curiam) (outlining proper procedure where a single issue or order, rather than the entire dispute, is mooted on appeal); *see also Marilyn T., Inc. v.*

*Evans*, 803 F.2d 1383, 1385 (5th Cir. 1986) ("If only the appealed order is moot but other issues remain, the appellate court should vacate the appealed order and remand the case for further proceedings. In both situations, the district court's order is vacated so that the party unable to secure appellate review is not bound by the preclusive effects of the unreviewed order.") (footnoted citations omitted).

In the alternative, this Court might elect to exercise its discretion to issue a stay of this appeal pending further resolution by the District Court of the open issues arising from the Amended Petition. Over the next 90 days, many of the uncertainties arising from PSRS's Amended Petition are likely to be resolved. PSRS has until May 3, 2010 to decide whether to seek remand for the Amended Petition. 28 U.S.C. § 1447(c). If it does so, the District Court will need time to determine whether remand of the Amended Petition is warranted—and given the expansion of claims in the Amended Petition beyond the scope of the Custodian Agreement, State Street reasonably anticipates that the District Court will conclude it is not. By entering a stay, the Court can conserve judicial resources and may avoid any examination of the question posed by the superseded Remand Order if the District Court does not remand the Amended Petition or it employs different reasoning in any subsequent remand.

## CONCLUSION

For the foregoing reasons, State Street respectfully requests that this Court vacate as moot the District Court's Remand Order dated January 21, 2010, and

remand to the District Court without prejudice to any further proceedings as may occur. In the alternative, State Street moves to stay briefing of the appeal for 90 days to determine whether the District Court will grant any motion to remand by PSRS and, if so, whether the grounds given differ from those given in the Remand Order.

                Respectfully Submitted,

                WILMER CUTLER PICKERING HALE and DORR LLP

                By: s/ Lori A. Martin

                Lori A. Martin
                Peter K. Vigeland
                399 Park Avenue
                New York, NY 10022
                Telephone: (212) 230-8800

                Peter J. Kolovos
                60 State Street
                Boston, MA 02109
                Telephone: (617) 526-6000

                BRYAN CAVE LLP

                Charles A. Weiss
                Herbert R. Giorgio, Jr.
                One Metropolitan Square
                211 N. Broadway, Suite 3600
                St. Louis, MO  63102
                Telephone:  (314) 259-2215

                *Attorneys for Defendant State Street Bank and Trust Company*

Dated:  April 9, 2010

## CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                     s/ Joshua T. Ferrentino